KLEES, Judge.
In this defamation suit, the plaintiff appeals a summary judgment granted in favor of the defendants. We affirm.
The plaintiff, James E. Young was a candidate for judicial office for a judgeship on the First City Court for the City of New Orleans in 1980. On November 3, 1980, one day before the election, The Times-Picayune Publishing Corporation published an article in its newspaper authored by James Hodge titled “Candidate Fired From Job He Names As A Qualification.” The article stated that the plaintiff was fired from his position as assistant director of New Orleans Legal Assistance Corporation (NOLAC) after he took an option to buy a building on Dryades Street which Joseph Meyer, then NOLAC director, had already negotiated to lease as a satellite office for NOLAC. The article also stated that Meyer confirmed the information and said that the plaintiff knew of the negotiations to lease the building. Meyer said that he fired the plaintiff in early 1971 after confronting him with the information about self-dealing. The plaintiff lost the election and later filed suit against The Times-Picayune Publishing Corporation, James Hodge and Joseph Meyer alleging defamation, libel and invasion of privacy. Also named as a defendant was plaintiff’s successful opponent, the Honorable Charles Imbomone, who was dismissed by an earlier summary judgment which plaintiff does not appeal.
The United States Supreme Court in New York Times v. Sullivan, 376 U.S. 254, 279-280; 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964), held that for a public figure plaintiff to successfully pursue a defamation claim against the media, the First Amendment requires that the plaintiff prove that the alleged defamatory statement “was made with ‘actual malice’ — that is, with knowl *392 edge that it was false or with reckless disregard of whether it was false or not.”
In the case before us, the plaintiff does not deny that, as a candidate for public office, he was a public figure at the time the defendants published the article. Therefore, the issue to be decided is whether the plaintiff has proven “actual malice” as set forth in New York Times.
The plaintiff contends that the summary dismissal of his defamation claim was improper because there was sufficient evidence presented to the trial court which demonstrated that the defendants published the article with reckless disregard for the truth. In support of this contention, the plaintiff relies on three items of evidence. The first is a memorandum from defendant Meyer to the plaintiff dated February 9, 1971. The plaintiff asserts the memorandum lists four reasons for his termination as the assistant director at NO-LAC, none of which included the obtaining a building or option to buy a building in which NOLAC was interested. The second item of evidence is a NOLAC Committee Report dated March 2, 1971, which affirmed Meyer’s termination of the plaintiff. The plaintiff maintains that the report did not specify any one action as the reason for his termination. Lastly, the plaintiff submits an affidavit from the owner of the Dryades Street building, Mr. Albert J. Or-tee. This affidavit recites that at no time in 1971 did Meyer or anyone else on his behalf negotiate to lease the building. It further recites that no one from NOLAC ever came to terms with Mr. Ortee or anyone on his behalf for the purpose of leasing the building.
Although the plaintiff readily admits he was fired from NOLAC, he alleges defamation because defendant’s published article stated his termination resulted from using “inside information to capitalize on a real estate deal.”
In St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968), the court reiterated that “evidence of either deliberate falsification or reckless publication ‘despite the publisher’s awareness of probable falsity’ was essential to recovery by public officials in defamation actions.” The court defined reckless disregard as follows:
These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice. (Emphasis added)

Id.

Mr. Justice White’s well worded opinion further stated:
The defendant in a defamation action brought by a public official cannot, however, automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. Nor will they be likely to prevail when the publisher’s allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports, (footnote omitted)
By no proper test of reckless disregard was the defendant’s published article a reckless publication about the plaintiff. The record indicates that Hodge, the author of the article, investigated the information prior to publication. Hodge first questioned Meyer and then Charles Seem-ann, an attorney in private practice who was a NOLAC board member at the time the plaintiff was fired. Both sources corroborated that the plaintiff had been fired from his NOLAC position and verified the other information in the article. Hodge then called the plaintiff to discuss the details of his termination from NOLAC. The plaintiff admitted he was fired, but assert *393 ed that his termination was for “political reasons.” The plaintiffs version of the facts was also reported in the published article.
The Louisiana Supreme Court in Schaefer v. Lynch, 406 So.2d 185, 187 (La.1981) stated:
“A defendant is constitutionally entitled to summary dismissal of a libel suit unless plaintiff can show actual malice ... Otherwise, the threat of litigation would have a ‘chilling’ effect on freedom of the press.” We find the plaintiff has failed to prove that the defendants published the article with reckless disregard for the truth. Hodge had reliable sources, confirmations and corroborating information. Hodge’s pre-publication interview with the plaintiff indicated the publication was indeed made in good faith and not a fabrication or product of his imagination. The record is devoid of any evidence to indicate that the defendants in fact entertained serious doubts as to the truth of the publication.
After a review of the pleadings, affidavits, depositions, and other documentary evidence, we conclude that there is no showing that the defendants are guilty of actual malice as enunciated by New York Times v. Sullivan, supra. Accordingly, we conclude the trial court properly granted defendant’s motion for summary judgment.
AFFIRMED.